IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ENVY HAWAII LLC, | ) CIVIL NO. 16-00551 ACK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) PLAINTIFF ENVY HAWAII LLC'S |
| | ) MOTION TO ENFORCE SETTLEMENT |
| CIRBIN INC., DBA CAMPAGNA | ) AGREEMENT AND FOR AWARD OF |
| MOTORS, | ) ATTORNEYS' FEES AND COSTS |
| | ) |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF ENVY HAWAII LLC'S MOTION TO ENFORCE SETTLEMENT
AGREEMENT AND FOR AWARD OF ATTORNEYS' FEES AND COSTS[1]

Before the Court is Plaintiff Envy Hawaii LLC's Motion to Enforce Settlement Agreement and for Award of Attorneys' Fees and Costs, filed on August 23, 2017 ("Motion"). ECF No. 23. Defendant filed its Opposition to the Motion on September 8, 2017. ECF No. 25. Plaintiffs filed their Reply on September 18, 2017. ECF No. 26. A hearing on this matter was held on September 29, 2017, at 10:00 a.m. ECF No. 37. Kevin W. Herring, Esq. and Lyle Hosoda, Esq. appeared on behalf of Plaintiff; and Johnathan C. Bolton, Esq. and Dylan J. Taschner, Esq. appeared on behalf of Defendant. Id. Following the hearing, Plaintiff filed a declaration regarding the attorneys' fees and interest

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

requested.  ECF No. 38.  Defendant filed its response on October 13, 2017.  ECF No. 39.  After careful consideration of the Motion, the supporting and opposing memoranda, declarations and exhibits attached thereto, the arguments of counsel, the supplemental declarations, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff filed this action on October 10, 2016, based on a contract dispute for the sale of Defendant's vehicles.  ECF No. 1.  In connection with that contract, Plaintiff purchased two of Defendant's vehicles in 2014 at a cost of $109,854.  Id. ¶ 22.  On May 2, 2017, the parties informed the Court that they had reached a settlement, and the trial date was vacated.  ECF No. 21.

After the final terms were agreed upon, the parties executed a written settlement agreement and mutual release with an effective date of July 6, 2017 ("Settlement Agreement"), which was signed by the parties' presidents and by counsel.  See ECF 23-2, Decl. of Kevin W. Herring ("Herring Decl.") ¶ 3; ECF No. 23-3.  Under the Settlement Agreement, Plaintiff agreed to return the two vehicles to Defendant that it had previously purchased in exchange for $90,000.  See ECF No. 23-3 ¶ 3.  The Settlement Agreement contains a provision regarding the condition of the two

vehicles, which states that Plaintiff represents that "the condition and mileage of the [vehicles] is as depicted in the photographs that were transmitted by email" to Defendant's counsel on June 8, 2017.  Id. ¶ 3(a.i).  Under the Settlement Agreement, Plaintiff was required to make the vehicles immediately available to Defendant at Plaintiff's premises and Defendant was responsible for all costs associated with transporting the vehicles to the destination of Defendant's choosing.  Id. ¶ 3(a.ii).  In exchange for returning the vehicles, Defendant agreed to pay Plaintiff $90,000 in three separate installments.  Id. ¶ 3(b).  Defendant was required to pay Plaintiff $70,000 no later than thirty days after the effective date, or August 5, 2017, pay another $10,000 thirty days after the first payment, and pay the final $10,000 thirty days after the second payment.  Id.

On August 9, 2017, four days after the first payment was due to Plaintiff, Defendant informed Plaintiff that the first payment would be delayed.  ECF No. 26-1 ¶ 3.  On August 10, 2017, counsel for the parties discussed payment, and Defendant's counsel confirmed that there would be a delay in payment to Plaintiff.  Id. ¶ 3.

Plaintiff filed the present Motion on August 23, 2017.  ECF No. 23.  According to Defendant's Opposition, the vehicles arrived at Defendant's headquarters in Canada on August 30, 2017,

at which time Defendant discovered serious defects in the vehicles.  ECF No. 25 at 6.

In the present Motion, Plaintiff asks the Court to enforce the terms of the Settlement Agreement by requiring Defendant to pay Plaintiff $90,000 and to award Plaintiff attorneys' fees and costs related to bringing this Motion.  See ECF No. 22-1 at 14.  Defendant argues that Plaintiff materially breached the Settlement Agreement, which excuses Defendant's performance and entitles Defendant to rescind the Settlement Agreement.  ECF No. 25.  Defendant also seeks an award of its attorneys' fees and costs related to the pending Motion.  Id.

## DISCUSSION

It is "well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co., 22 F.3d 954, 957 (9th Cir. 1994); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  "[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract." Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989).  The "court's enforcement power include[s] authority to award damages . . . [or] specific performance." T.N.T. Mktg., Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986).  Federal courts apply state contract law principles when enforcing

4

settlement agreements.  O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004); see also Boskoff v. Yano, 217 F. Supp. 2d 1077, 1085 (D. Haw. 2001) (applying Hawaii contract law).

A district court may only enforce complete settlement agreements.  Callie, 829 F.2d at 890.  A complete settlement agreement requires agreement on all "*material* terms" and "the intent of the parties to bind themselves."  Id. at 891; Carson v. Saito, 489 P.2d 636, 638 (Haw. 1971) ("There must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract." (quoting Honolulu Rapid Transit Co. v. Paschoal, 449 P.2d 123, 127 (Haw. 1968)).

Here, the parties do not dispute the validity of the contract formation or the parties' intent to be bound.  Instead, Plaintiff argues that Defendant breached the Settlement Agreement by failing to make timely payments; Defendant argues that Plaintiff breached the Settlement Agreement by failing to comply with the condition terms.  Therefore, the Court need only determine whether the Settlement Agreement was materially breached, and if so, by which party, and the appropriate remedy.

**A. Defendant Breached the Payment Terms of the Settlement Agreement.**

In its Motion, Plaintiff argues that Defendant has breached the Settlement Agreement by failing to make timely payments.  ECF No. 23.  Under the Settlement Agreement, Defendant

5

was required to pay Plaintiff $70,000 no later than thirty days after the effective date, or August 5, 2017, pay another $10,000 thirty days after the first payment, and pay the final $10,000 thirty days after the second payment. Id. The payment terms contained in the Settlement Agreement do not include any condition to payment, but state simply that the first payment is to be made within thirty days of the effective date of the Settlement Agreement. See id. ¶ 3(b.i). There is no dispute that Defendant did not make the first payment by the date required by the Settlement Agreement and, to date, has not made any payments to Plaintiff. Thus, Defendant has not complied with the written terms of the Settlement Agreement and is in breach. See Velez v. The Bank of N.Y. Mellon, Civil No. 10-00468 JMS/KSC, 2011 WL 572523, at *3 (D. Haw. Feb. 15, 2011) (explaining elements of breach of contract claim under Hawaii law); Sharpe v. FDIC, 126 F.3d 1147, 1153 (9th Cir. 1997) ("failure to perform the express terms of the settlement agreement is a breach").

However, before the Court can order specific performance of the Settlement Agreement, the Court must consider Defendant's argument that its performance was excused because Plaintiff first failed to comply with the Settlement Agreement and Defendant is entitled to rescission. ECF No. 25 at 7-9. "Rescission is a remedy available to a nonbreaching party when there has been a material breach by the other party." Guddee v.

6

Abudanza, Inc., No. 06-00664 SOM/KSC, 2007 WL 4354420, at *6 (D. Haw. Dec. 12, 2007) (citing Bishop Trust Co., Ltd., v. Kamokila Dev. Corp., 555 P.2d 1193, 1196 (Haw. 1976); Aickin v. Ocean View Invs. Co., 935 P.2d 992, 1005 (Haw. 1997)).  Here, Defendant argues that Plaintiff materially breached the condition provision of the Settlement Agreement because the vehicles delivered to Defendant were not "in the same good condition depicted in the photographs" that Plaintiff provided to Defendant.  Id. at 8-9.  As discussed in detail below, the Court finds that Plaintiff did not breach the condition term of the Settlement Agreement, Defendant is not entitled to rescission, and Plaintiff is entitled to enforcement of the Settlement Agreement.

**B.  Plaintiff Did Not Breach the Condition Term of the Settlement Agreement.**

The Settlement Agreement provides that "[Plaintiff] represents that the condition and mileage of the [vehicles] is as depicted in the photographs that were transmitted by email to [Defendant's] counsel on June 8, 2017."  ECF No. 23-3 ¶ 3(a.i).  Defendant asserts that this representation was false.  ECF No. 25 at 4.  Plaintiff asserts that it complied with its obligations and provided Defendant with the vehicles in the condition depicted in the June 8 photographs.  ECF No. 26.  Because material facts regarding this term of the settlement agreement are in dispute, the Court held an evidentiary hearing on this

issue. See Callie, 829 F.2d at 890; Doi v. Halekulani, 276 F.3d 1131, 1138 (9th Cir. 2002) ("Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." (citation omitted)).

**1. Evidence of the Parties' Prior Negotiations and Subjective Intent Will Not Be Considered**.

As an initial matter, the Court must address Defendant's argument that the Settlement Agreement required Plaintiff "to return to [Defendant] two vehicles in good condition." See ECF No. 25 at 2, 3, 4, 8, 9. The phrase "good condition" is not contained in the Settlement Agreement. See ECF No. 23-3. The condition provision states only that Plaintiff "represents that the condition and mileage of the [vehicles] is as depicted" in the June 8 photographs. Id. ¶ 3(a.i). In its Opposition, Defendant attempts to offer extrinsic evidence regarding the meaning of this term and the parties' subjective intent. See ECF No. 25. For example, Defendant contends that it was operating under the assumption that the vehicles were in "great condition" when it entered into the Settlement Agreement based on conversations with Plaintiff. Id. at 3. Defendant's president, André Morissette, submitted a declaration stating that Plaintiff "declared the vehicles as new" and that Plaintiff "understood that [Defendant] was going to re-sell the vehicles in

8

order to generate the funds required to pay the settlement amount." ECF No. 25-1 ¶ 2.  Mr. Morrisette also states that Defendant "would not have entered into the Settlement Agreement had it known about the extensive damage to the vehicles, which was unknown to [Defendant]." Id. ¶ 5.  Defendant's counsel's submitted with his declaration email correspondence in which Defendant's counsel wrote to Plaintiff's counsel that "the settlement offer assumed that the vehicles are able to be resold based on good condition" and that Defendant's understanding was that the vehicles "are otherwise in great condition." ECF No. 25-6 at 2-3.  In Reply, Plaintiff counters with its own offer of extrinsic evidence regarding the parties' negotiations, including statements from Plaintiff's counsel that Plaintiff expressly rejected a representations and warranty clause regarding the condition of the vehicles and that Plaintiff offered for Defendant's local counsel to inspect the vehicles during negotiations, but Defendant declined. See ECF No. 26 at 9-10; ECF No. 26-1 ¶ 4.

   The Court rejects the extrinsic evidence offered regarding the parties' subjective intentions and prior negotiations.  Under Hawaii law, when construing a written agreement "courts should not draw inferences . . . regarding the parties' intent when the [agreement] is definite and unambiguous." State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc.,

9

978 P.2d 753, 762 (Haw. 1999). The court must "look no further than the four corners of the document to determine whether an ambiguity exists." Id. "A contract is ambiguous when the terms of the contract are reasonably susceptible to more than one meaning." Airgo, Inc. v. Horizon Cargo Transport Inc., 670 P.2d 1277, 1280 (Haw. 1983) (citations omitted). Here, the Court finds that the condition term of the Settlement Agreement is not ambiguous. The Settlement Agreement does not include any descriptors regarding the condition of the vehicles. Instead, it expressly states that "the condition . . . is as depicted in the photographs." ECF No. 23-3 ¶ 3(a.i). This phrase is not reasonably susceptible to more than one meaning. Further, the Settlement Agreement contains an integration clause stating that "[n]o covenants, agreement, representations, or warranties of any kind whatsoever have been made by any Party, except as specifically set forth in this Agreement" and "[a]ll prior discussions and negotiations have been and are merged and integrated into, and superseded by, this Agreement." Id. ¶ 7. Because the contract term is not ambiguous and the Settlement Agreement is "the final and, therefore, integrated expression of the parties' agreement," the parol evidence rule bars evidence of prior or contemporaneous negotiations and agreements that contradict the terms of the writing. See In re O.W. Ltd. Partnership, 668 P.2d 56, 58 (Haw. Ct. App. 1983), State Farm

10

Fire & Cas., 978 P.2d at 753; Akamine & Sons, Ltd. v. Am. Security Bank, 440 P.2d 262, 266 (Haw. 1968) ("Once the parties execute an instrument which contains their whole agreement, their previous negotiations and agreements are legally ineffective and evidence relating to those previous negotiations or agreements is irrelevant regardless of who offers it."). Accordingly, the Court will interpret and enforce the condition provision as written in the Settlement Agreement.

**2. Evidence Regarding Plaintiff's Compliance With the Condition Term of the Settlement Agreement.**

Defendant argues that the vehicles were not accurately represented in the pictures that were sent to counsel. ECF No. 25 at 4-5. Defendant contends that "the angle, lighting, and distance from which the June 8 photographs were taken hid significant problems with both vehicles." Id. at 4. Defendant asserts that the photographs did not show "rust and major scratches all over the vehicles, and one of the vehicles being taped together." Id. at 4-5. Defendant attached the vehicle inspection report from the freight forwarder for transportation of the vehicles from Plaintiff's location to Canada to its Opposition. See ECF No. 25-3. Defendant contends that the vehicle inspection report shows that "extensive damage . . . existed at the time [the freight forwarder] picked up the vehicles" in California. Id. at 6. Defendant also submitted

11

photographs of the vehicles as they were delivered to Defendant. See ECF No. 25-2.  At the hearing, Defendant also submitted its Exhibits 1-34, the testimony of Mr. Morissette, and the testimony of Mikhail Fedotov, the owner of Plaintiff.

Plaintiff contends that the vehicles were provided to Defendant for transportation in the condition depicted in the pictures that were emailed to counsel and referenced in the Settlement Agreement.  ECF No. 26 at 3-4.  Plaintiff's counsel included in his declaration an additional picture of one of the vehicles that he states shows that the condition of the vehicles when they left Plaintiff's possession in July was the same condition as depicted in the June 8 photographs.  See ECF No. 26-1 ¶ 6.  At the hearing, Plaintiff also submitted the its Exhibits 1-20.

The Court has carefully considered the arguments of counsel, the testimony provided at the hearing, and all of the evidence provided by the parties and finds that Plaintiff did not breach the condition term of the Settlement Agreement.  The evidence presented to the Court does not support Defendant's position that Plaintiff's representation of the vehicle's condition in the June 8 photographs was false.  The Court rejects Defendant's argument that the June 8 photographs hid significant problems with the vehicles.  The Court has carefully examined the June 8 photographs, including the electronic copies of the

12

photographs that were submitted with Defendant's Opposition.  See ECF No. 25-7.  As Mr. Morrisette testified at the hearing, the June 8 photographs were transmitted to Defendant by email in electronic format.  See also ECF No. 25-6 (email from Plaintiff's counsel showing that the June 8 photographs were sent in .jpg format).

      Contrary to Defendant's arguments, the June 8 photographs depict scratches and rust on both vehicles.  See, e.g., ECF No. 25-7 at 1 (showing scratches on the tail pipes); id. at 2 (showing a stain on the hood); id. at 3 (showing rust and scratches on tailpipe and dent on suitcase); id. at 12 (showing flat tire and scratch on right suitcase).  Additionally, although the significant hood damage to one vehicle is not depicted in the June 8 photographs, Mr. Morissette conceded at the hearing that this damage occurred either in transit or after delivery.  Although the pictures submitted by Defendant of the vehicles after delivery show the rust, scratches, and other wear and tear on the vehicles in more detail, this is insufficient to show that Plaintiff's representation of the condition of the vehicles in the June 8 photographs was false in light of the rust, scratches, and wear and tear visible on the June 8 photographs.  Further, the Court is unpersuaded that Defendant is entitled to additional discovery regarding these photographs.  Defendant does not dispute that it received the photographs in

electronic format from Plaintiff's counsel on June 8 as specified in the Settlement Agreement. Based on the Court's careful review of the evidence presented, the Court finds that Plaintiff did not breach the Settlement Agreement.

**C.  Defendant is Not Entitled to Rescission; Plaintiff is Entitled to Specific Performance.**

Because the Court finds that Plaintiff did not materially breach the Settlement Agreement, Defendant is not entitled to rescission. Instead, the Court finds that an order directing specific performance of the Settlement Agreement is appropriate. The Court RECOMMENDS that district court GRANT Plaintiff's Motion and order Defendant to pay to Plaintiff $90,000 no later than seven days after the district court takes action on this Findings and Recommendation.[2]

**D.  Plaintiff is Not Entitled to Interest.**

In its Motion, Plaintiff requests an award of prejudgment interest pursuant to Hawaii Revised Statutes Section 636-16. ECF No. 23-1 at 2, 8; ECF No. 38 at 17. Under Hawaii law, prejudgment interest may be awarded under Section 636-16 "in the court's discretion when the issuance of judgment is greatly delayed for any reason." Cnty. of Haw. v. C & J Coupe Family

---

[2] Although the payment terms of the Settlement Agreement allow for staggered payments over a period of 90 days, based on the effective date of July 6, 2017, full payment was due to Plaintiff no later than October 6, 2017. See ECF No. 23-3 ¶ 3(a).

Ltd., 208 P.3d 713, 723 (Haw. 2009); Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 839 P.2d 10, 36 (Haw. 1992) (holding that the purpose of Section 636-16 is "to correct injustice when a judgment is delayed for a long period of time for any reason"). Defendant argues that an award of prejudgment interest is not warranted in this case because there has not been a significant delay. See ECF No. 39 at 2-5. The Court agrees. As noted above, the first payment was due under the Settlement Agreement on August 5, 2017; the final payment was due on October 6, 2017. The Court's decision on Plaintiff's Motion was issued within three months of when the first payment was due and within weeks of when the final payment was due. In these circumstances, the Court FINDS that an award of prejudgment interest is not necessary to correct injustice. See Phoenician, LLC v. Vessel Kapalua Kai, No. CIV. 09-00471ACK-LEK, 2010 WL 2177030, at *3 (D. Haw. May 26, 2010), *adopted by*, 2010 WL 2608334 (D. Haw. June 25, 2010) (holding that the plaintiff was not entitled to an award of prejudgment interest where the case had been pending for seven months). The Court therefore RECOMMENDS that Plaintiff's request for prejudgment interest be DENIED.

      **E.  Plaintiff is Awarded Attorneys' Fees and Costs**.

Plaintiff requests an award of attorneys' fees and costs associated with bringing the Motion and interest on the total amount of consideration. See ECF No. 23-1 at 2, 9-10. The

15

Settlement Agreement provides that the prevailing party in "any action or motion to enforce" the Settlement Agreement "shall be entitled to its reasonable attorneys' fees and costs."  ECF No. 23-3 ¶ 5.  The attorneys' fees provision of the Settlement Agreement unambiguously provides that the prevailing party is entitled to its fees.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983).  The court must determine a reasonable fee by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation."  Hensley, 461 U.S. at 433.

First, courts consider the experience, skill, and reputation of the attorney requesting the fees in determining the reasonableness of an hourly rate.  Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.  Based on the information provided regarding the skill and experience of Plaintiff's counsel and this Court's knowledge of the prevailing rates in the community, the Court finds that the requested hourly rates are excessive and awards the following rates for purposes of this dispute:  $250 per hour for Mr. Herring, who has been practicing law for 21 years; $200 for hour for Mr. Park, who has been practicing for 12 years; and $300 per

16

hour for Mr. Hosoda, who has been practicing law for 32 years.

Second, the Court must determine if the fees requested are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees which are excessive, and must determine which fees were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  Here, Plaintiff's counsel submitted descriptions of the attorneys' fees incurred related to the present Motion, totaling 73.7 hours of work (34.3 hours of work by Mr. Herring; 30.4 hours of work by Mr. Park; and 9.0 hours of work by Mr. Hosoda).  ECF No. 38.

The Court has carefully reviewed the descriptions provided by Plaintiff's counsel and Defendants' Response and finds that the following deductions are appropriate.  The Court deducts 0.7 hours of work performed by Mr. Herring that appears clerical in nature.  See ECF No. 38 at 6 (billing 0.2 hours for reviewing court notice), at 9 (billing 0.2 and 0.1 for telephone calls with court personnel), at 10 (billing 0.2 for reviewing court notice); Pelayo v. Platinum Limousine Servs., Inc., No. CV 15-00023 DKW-KJM, 2016 WL 5402185, at *7 (D. Haw. Sept. 27, 2016) (deducting fees for clerical tasks, which are part of an attorneys's overhead and are subsumed in the hourly rate).

17

Additionally, the Court deducts 5.0 hours of work performed by Mr. Herring as excessive time in preparation for the hearing. In total, the Court finds that the following attorneys' fees are reasonable:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
| --- | --- | --- | --- |
| Kevin W. Herring, Esq. | 28.6[3] | $250.00 | $7,150.00 |
| Jae B. Park, Esq. | 30.4 | $200.00 | $6,080.00 |
| Lyle S. Hosoda, Esq. | 9 | $300.00 | $2,700.00 |
| *Hawaii General Excise Tax* | | 4.712% | $750.62 |
| | | **TOTAL** | **$16,680.62** |

Additionally, the Court finds that the $76.05 in copying costs requested is also reasonable. See ECF No. 38 at 2. In total, the Court RECOMMENDS that the district court award $16,756.67 in reasonable attorneys' fees and costs.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff Envy Hawaii LLC's Motion to Enforce Settlement Agreement and for Award of Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART as follows:

1. The Court RECOMMENDS that the district court ORDER Defendant Cirbin Inc. to pay to Plaintiff $90,000 no later than seven days after the district court takes action on this Findings and Recommendation.

---

[3] 34.3 hours requested – 0.7 hours for clerical tasks – 5.0 hours for excessive billing = 28.6 hours.

2. The Court RECOMMENDS that the district court DENY Plaintiff's request for prejudgment interest.

3. The Court RECOMMENDS that district court GRANT Plaintiff's request for attorneys' fees and costs. The Court RECOMMENDS that district court AWARD Plaintiff attorneys' fees and costs of $16,756.67.

4. The deadline for the parties to submit the appropriate dismissal documents is thirty days after the district court takes action on this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 17, 2017.



Richard L. Puglisi
United States Magistrate Judge

**ENVY HAWAII LLC V. CIRBIN INC.; CIVIL NO. 16-00551 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF ENVY HAWAII LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR AWARD OF ATTORNEYS' FEES AND COSTS**