IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ENVY HAWAII LLC, | ) | CIVIL NO. 16-00551 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY ENVY HAWAII LLC'S MOTION |
| vs. | ) | FOR AN ORDER TO SHOW CAUSE WHY |
| | ) | DEFENDANT CIRBIN INC., DBA |
| CIRBIN INC., DBA CAMPAGNA | ) | CAMPAGNA MOTORS SHOULD NOT BE |
| MOTORS, | ) | HELD IN CONTEMPT AND TO DIRECT |
| | ) | THE CLERK'S OFFICE TO ENTER |
| Defendant. | ) | JUDGMENT |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY ENVY HAWAII LLC'S
MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT CIRBIN
INC., DBA CAMPAGNA MOTORS SHOULD NOT BE HELD IN CONTEMPT
AND TO DIRECT THE CLERK'S OFFICE TO ENTER JUDGMENT[1]

Before the Court is Plaintiff Envy Hawaii LLC's Motion for an Order to Show Cause Why Defendant Cirbin Inc., dba Campagna Motors Should Not Be Held in Contempt, filed December 11, 2017 ("Motion"). ECF No. 42. A hearing on this matter was held on February 5, 2018, at 10:00 a.m. Kevin W. Herring, Esq. appeared on behalf of Plaintiff; and Johnathan C. Bolton, Esq. appeared on behalf of Defendant. After careful consideration of the Motion, the supporting and opposing memoranda, declarations and exhibits attached thereto, the arguments of counsel, and the record established in this action, the Court FINDS AND RECOMMENDS

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

that the district court DENY the Motion and DIRECT the Clerk's Office to enter judgment.

BACKGROUND

Plaintiff filed this action on October 10, 2016, based on a contract dispute for the sale of Defendant's vehicles. ECF No. 1. In connection with that contract, Plaintiff purchased two of Defendant's vehicles. ECF No. 40 at 2. On May 2, 2017, the parties informed the Court that they had reached a settlement, and the trial date was vacated. ECF No. 21. The parties executed a written settlement agreement and mutual release with an effective date of July 6, 2017 ("Settlement Agreement"), which was signed by the parties' presidents and by counsel. ECF No. 40 at 2. Under the Settlement Agreement, Plaintiff agreed to return the two vehicles to Defendant that it had previously purchased in exchange for $90,000. Id.

Plaintiff filed a motion to enforce the Settlement Agreement on August 23, 2017. ECF No. 23. After a hearing on the matter, this Court issued its Findings and Recommendation to grant in part and deny in part Plaintiff's motion to enforce the Settlement Agreement, which was adopted by the district court on November 13, 2017. ECF Nos. 40, 41. The Court found that there was a valid and enforceable agreement, that Defendant had breached the agreement, and that specific performance was appropriate. Id. In directing specific performance, the Court

ordered that Defendant pay the amount due under the Settlement Agreement no later than seven days after the district court issued its order.  Id.  The Court also awarded attorneys' fees to Plaintiff and ordered Defendant to pay those attorneys' fees within the same time period.  Id.

Plaintiff filed the present Motion asking the Court to issue an order to show cause why Defendant should not be held in contempt for its failure to comply with the Court's order regarding payment of the amount due under the Settlement Agreement.  ECF No. 42.  In Opposition, Defendant argues that it does not currently have the money to pay the amounts due under the Order.  ECF No. 46.

## DISCUSSION

There is no dispute that Defendant has failed to comply with the prior order to pay Plaintiff as required under the terms of the Settlement Agreement.  See ECF Nos. 42, 46.  However, the parties disagree regarding the appropriate remedy.  As detailed in Plaintiff's Motion, Plaintiff seeks an order to show cause and a finding of contempt against Defendant.  ECF Nos. 42, 47.  Defendant concedes that it has failed to pay Plaintiff as ordered, but argues that contempt proceedings are inappropriate because Plaintiff is essentially seeking to collect on a money judgment.  ECF No. 46.

It is well-settled that a "court has the power to

adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984). However, where a party is only seeking to collect payment on a final money judgment, contempt proceedings are improper. Jou v. Adalian, No. CIV. 09-00226 JMS, 2015 WL 477268, at *5 (D. Haw. Feb. 5, 2015); Shuffler v. Heritage Bank, 720 F.2d 1141, 1147 (9th Cir. 1983) ("The proper means for [a party] to secure compliance with a money judgment is to seek a writ of execution, not to obtain a fine of contempt for the period of non-payment.").

Although final judgment has not been entered in this case, the Court finds that contempt proceedings are improper because the prior order fully resolved all issues in this case and awarded a sum certain. Pursuant to Federal Rule of Civil Procedure 58, judgment must be entered when the court awards a sum certain. Fed. R. Civ. P. 58(b). As detailed above, on November 13, 2017, the court ordered that Defendant pay the amount due under the Settlement Agreement and pay attorneys' fees to Plaintiff. ECF Nos. 40, 41. Plaintiff did not request that judgment be entered following the court's order. See Fed. R. Civ. P. 58(d). Instead, Plaintiff filed the present motion seeking a finding of civil contempt, sanctions in the amount of $1,000 per day until Defendant complies, and an additional award of fees and costs. ECF No. 42. The Court finds that contempt

4

proceedings are an improper means of securing payment.  As the Ninth Circuit has held, "[t]he proper means [] to secure compliance with a money judgment is to seek a writ of execution, not to obtain a fine of contempt for the period of non-payment." Shuffler v. Heritage Bank, 720 F.2d 1141, 1147 (9th Cir. 1983).

The Court is unpersuaded by Plaintiff's arguments to the contrary.  First, the Court rejects Plaintiff's argument that Defendant is attempting to modify the court's order.  See ECF No. 47.  Defendant has stated that it is unable to make payments because it has not sold the vehicles at issue.  See ECF No. 46.  Plaintiff correctly notes that the court previously determined that the Settlement Agreement did not contain any provision that allowed Defendant to wait to make payment until it sold the vehicles at issue.  ECF No. 40 at 9-11.  However, the fact that Defendant is using the same excuse to justify its current non-payment does not mean that it is trying to modify the court's order.  The order required Defendant to pay to Plaintiff the $90,000 owed under the Settlement Agreement and $16,756.67 in attorneys' fees and costs.  Plaintiff is attempting to force Defendant to pay the sum certain awarded by the court through the present Motion for contempt, which is not an appropriate means of securing compliance with a money judgment.  Second, the Court rejects Plaintiff's argument that the prior order was an injunction because it required payment within a certain time and

5

directed the parties to submit dismissal documents.  ECF No. 47 at 5.  The district court in <u>Jou</u> rejected a similar argument holding that the command to pay a money judgment within a certain period of time was not a separate order of injunctive relief.  <u>Jou</u>, 2015 WL 477268, at *5.  Likewise, the Court finds that the direction to Defendant to make the payment to Plaintiff within a specified time and for the parties to submit the appropriate dismissal documents was not a separate order for injunctive relief and is not an appropriate basis on which to seek a finding of contempt against Defendant.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion.  Further, the Court FINDS AND RECOMMENDS that the district court direct the clerk's office to enter judgment in this action pursuant to Rule 58 in accordance with the Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Envy Hawaii LLC's Motion to Enforce Settlement Agreement and for Award of Attorneys' Fees and Costs, filed on October 17, 2017, and the Order Adopting Magistrate Judge's Findings and Recommendation filed on November 13, 2017.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 5, 2018.



Richard L. Puglisi
United States Magistrate Judge

**ENVY HAWAII LLC V. CIRBIN INC.;** CIVIL NO. 16-00551 ACK-RLP; FINDINGS AND RECOMMENDATION TO DENY ENVY HAWAII LLC'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT CIRBIN INC., DBA CAMPAGNA MOTORS SHOULD NOT BE HELD IN CONTEMPT AND TO DIRECT THE CLERK'S OFFICE TO ENTER JUDGMENT